DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jan A. Burkhard, | ) | |
| | ) | CASE NO. 3:02CV7428 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION AND ORDER</u> |
| | ) | (Resolving Doc. No. 83) |
| Henry Soil and Water Conservation District, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

**I**

Plaintiff Jan A. Burkhard has sued his former employer Defendant Henry Soil and Water Conservation District (the District) alleging, among other things, unlawful retaliation in violation of Title VII. The District has now filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, asserting that the District does not meet Title VII's definition of "employer" because it did not employ a sufficient number of employees. (Doc. No. 83.) Pursuant to the Court's Order (Doc. No. 86), the District has filed a supplemental Brief arguing that Henry County's (the County) employees should not be included in a determination of the number of employees (Doc. No. 88), and Burkhard has filed a Response arguing the converse (Doc. No. 89). Because Burkhard has shown sufficient evidence of interrelation between the District and the County to clearly overcome the presumption that governmental subdivisions denominated as separate entities should not be aggregated for purposes of Title VII, the Court concludes, as a matter of law, that the District and the County's employees should be aggregated. Because the County and the District combined have at least fifteen employees, the Title VII definition of "employer" is satisfied as a

(3:02CV7428)

matter of law, and the Motion to Dismiss, therefore, is DENIED.

## II

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction are divided into two groups those that attack the complaint on its face and those that attack the existence of subject matter jurisdiction in fact. RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 890-91 (3d Cir. 1977)). In a facial attack, the court must consider the allegations contained in the complaint as true. Id. In a factual attack, however, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891, quoted in RMI Titanium Co., 78 F.3d at 1134. "[N]o presumptive truthfulness attaches to the plaintiff's allegations and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891, quoted in RMI Titanium Co., 78 F.3d at 1134. Indeed, in a factual attack, "the court is empowered to resolve factual disputes." Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986), quoted in RMI Titanium Co., 78 F.3d at 1134. See also Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 324-25 (6th Cir. 1990). Furthermore, the burden is on the plaintiff to show that jurisdiction does in fact exist. RMI Titanium Co., 78 F.3d at 1134.

Here, the District has presented evidence in support of its position that this Court lacks subject matter jurisdiction. Thus, the District is challenging the existence of this Court's subject matter jurisdiction in fact. The Court, therefore, will weigh the evidence to determine whether it has subject matter jurisdiction.

2

(3:02CV7428)

### III

The District contends that this Court lacks subject matter jurisdiction over this case because it does not meet Title VII's definition of "employer." Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e (b). Whether a defendant meets the definition of "employer" is a jurisdictional requirement. See Armbruster v. Quinn, 711 F.2d 1332, 1335 (6th Cir. 1983). Thus "courts have consistently held that where a [defendant] does not employ the requisite statutory number of employees to be considered an 'employer' under the relevant act, federal subject matter jurisdiction does not exist." Douglas v. E.G. Baldwin & Assoc., Inc., 150 F.3d 604, 607-07 (6th Cir. 1998) (collecting cases).

Here, the District terminated Burkhard in November of 2000. During 1999, the District employed eight full-time employees and two part-time employees. Likewise, during 2000, the District employed ten full-time employees and two part-time employees. Thus the District did not employ fifteen employees at any time during the year in which Burkhard was terminated or the previous year. The District by itself, therefore, does not meet the statutory definition of employer.

Burkhard, however, contends that the District and Henry County are sufficiently interrelated with respect to the employment relationship that their employees should be aggregated for Title VII purposes. Where there is sufficient interrelationship between a defendant and another affiliated entity, the defendant and the affiliated entity are deemed a single employer for jurisdictional purposes, and the number of their employees is aggregated. Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 993-94 (6th

3

(3:02CV7428)

Cir. 1997); see also Armbruster, 711 F.2d at 1335-39.  In the corporate context, the Sixth Circuit has held that courts examine the following four factors in determining whether to treat two entities as a single employer: "(1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control."  Swallows, 128 F.3d at 993-94 (citing York v. Tenn. Crushed Stone Ass'n, 684 F.2d 360, 362 (6th Cir. 1982)).  It should be noted that "[n]one of these factors is conclusive[] and [that] all four need not be met in every case[, but that] control over labor relations is a central concern."  Id. at 994 (citing Armbruster, 711 F.2d at 1337-38).

The Sixth Circuit, however, has not promulgated a standard for determining whether two political subdivisions ought to be considered a single employer for Title VII purposes.[1]  In Lyes v. City of Riviera Beach, 166 F.3d 1332, 1342-44 (11th Cir. 1999) (en banc), the Eleventh Circuit did adopt a standard for determining whether political subdivisions ought to be considered a single employer for Title VII purposes because the four-part test utilized for corporations is not readily applicable to governmental entities due to federalism concerns.  The Lyes test "begin[s] with the presumption that governmental subdivisions denominated as separate and distinct under state law should not be aggregated for Title VII purposes."  Id. at 1345.  Absent a showing that the governmental entities "were structured with the purpose

---

[1] The District cites to Schwarz v. Berrien Springs-Oronoko Police Dep't, No. 1:98-cv-88, 1999 U.S. Dist. LEXIS 12134 (W.D. Mich. Aug. 6, 1999) as a Sixth Circuit opinion.  As the citation indicates, however, Schwarz is an opinion from the United States District Court for the Western District of Michigan. Thus the District's assertion that Schwarz is "[c]ontrolling case law" is clearly erroneous because it is not a Sixth Circuit opinion.

4

(3:02CV7428)

of evading the reach of federal employment discrimination law[,]" that presumption is controlling, "unless it is clearly outweighed by factors manifestly indicating that the public entities are so closely interrelated with respect to control of the fundamental aspects of the employment relationship that they should be counted together under Title VII." Id. "[T]he standard is whether the fact finder could reasonably conclude that the plaintiff has *clearly* overcome the presumption. Id. The Lyes test was adopted by the court in Schwarz v. Berrien Springs-Oronoko Police Dep't, No. 1:98-cv-88, 1999 U.S. Dist. LEXIS 12134 (W.D. Mich. Aug. 6, 1999), and the parties agree that this Court should also utilize the Lyes test in this case.

In Lyes, the plaintiff sued her former employer the City of Riviera Beach Community Redevelopment Agency (the CRA) and the City of Riviera Beach itself (the City) alleging employment discrimination. 166 F.3d at 1335. The district court granted the defendants summary judgment because the CRA did not employ fifteen employees as required by Title VII and because the CRA and the City should not be aggregated. Id. at 1335-36. On appeal, the panel reversed the district court, and the full Eleventh Circuit then granted en banc review of the panel's decision. Id.

Applying the test outlined above, the court first noted that Florida law establishes a presumption that the CRA is a distinct entity from the City because the Florida legislature "created community development agencies as independent legal bodies." Id. at 1346. The court then concluded that the plaintiff had not presented sufficient evidence to overcome this presumption. Id. at 1346-47. There, the CRA's executive director "hires and supervises the staff and the Board may hire, fire, and establish work schedules and assignments." Id. at 1346. Additionally, the CRA's employees received their medical benefits through the CRA. Id. The court, therefore, concluded that "[a]ll of these circumstances establish

5

(3:02CV7428)

that the CRA retained and exercised control over the fundamental aspects of its employee relations." Id. The court went on to state that, while a performance review of the plaintiff was completed on a City form listing the CRA as a department of the City, this evidence was not conclusive because the review was completed by the city manager who at the time was also serving as the CRA's interim executive director. Id. at 1347. The court reasoned that the reviewer's choice of stationery should not be given any significance and that inference drawn from printed forms are not sufficient to amend state law. Id. The court also stated that the CRA's executive director's seeking review from the City's personnel director of its decision to discipline the plaintiff did not indicate interrelation because the review was not binding and, therefore, was merely an effort to seek the opinion of a third party. Id. The court, consequently, held that the plaintiff had not presented sufficient evidence to overcome the presumption that the City and the CRA were distinct entities and, as a result, reversed the panel decision. Id.

Here, Burkhard does not dispute that soil and water conservation districts like the District are created as independent legal bodies under Ohio law. Rather, he contends that the District and the County are sufficiently interrelated to overcome the presumption that they are distinct entities and should be aggregated for Title VII purposes. The District's employees are supervised by and take direction from the District Administrator Robert George and are answerable only to George and the District's Board of Supervisors. The District also has a personnel policy for its employees that is separate and different from the County's policy, and the District determines its own pay scale and pay raises. Henry County, however, is listed as Burkhard's employer on his W-2 form, and the address given is the Henry County Courthouse. Moreover, the County Auditor issued the paychecks to the District's employees from the County's

6

(3:02CV7428)

account, and Burkhard is listed on his pay stub as employee number one hundred nineteen (119). The designation of Henry County on Burkhard's W-2 form and the fact that the paychecks of District employees were issued by the County Auditor from the County's account indicates an affirmative statement and acknowledgment of interrelation between the District and the County. While in Lyes the court concluded that the performance review completed on city stationery should not be given significance, the employer designation on W-2 forms and account on which a paycheck is drawn is a much more than a mere choice of stationery. Thus, unlike the plaintiff in Lyes, Burkhard has presented significant evidence of interrelation between the District and the County.

Furthermore, the County plays a significant role in the determination and administration of employee benefits. The County Commissioners select the health care plan provided to the District's employees, the County's workers' compensation policy covers the District, the District's Public Employee Retirement System payments and administration is done by the County, and the County Commissioners determine what paid holidays the District's employees receive. Additionally, Burkhard was required to attend County personnel management training sessions. Thus, regarding fundamental aspects of the employment relationship, there is significant interrelation between the District and the County.[2] Burkhard, therefore, has presented sufficient evidence to clearly overcome the presumption that governmental subdivisions

---

[2]Moreover, the relationship between the County and the District outside of the employment context demonstrates a level of interrelation that exceeds a normal level of interrelation between political subdivisions that are separate and distinct entities. For example, all vehicles purchased by the District are titled in the name of the County Commissioners, licensed as County vehicles, and carried on the County's insurance policy. If the District's funding is terminated, its assets become the property of the County. Additionally, the County's risk sharing insurance covers the District and defends it in litigation.

7

(3:02CV7428)

designated as separate and distinct under state law should not be aggregated for Title VII purposes. Consequently, the Court holds, as a matter of law, that the District and the County's employees should be aggregated for Title VII purposes.

Burkhard's pay stub from the County Auditor indicates that he is employee number one hundred nineteen (119). This indicates that the County has at least fifteen employees. As a matter of law, therefore, the Title VII definition of "employer" is satisfied, and this Court has subject matter jurisdiction to resolve this dispute.

### IV

For the foregoing reasons, Defendant Henry Soil and Water Conservation District's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 83) is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| August 3, 2005 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |